# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Jonathan S. Fabricant, Esq. – JF-9312
BATHGATE, WEGENER & WOLF, P.C.
One Airport Road
Lakewood, New Jersey 08701
Tel: 732-363-0666
Fax: 732-363-9864
Attorneys for Plaintiff, Deborah Bennett

---

| | |
|---|---|
| DEBORAH BENNETT,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. |

---

**CIVIL ACTION – COMPLAINT**

---

**COMPLAINT**

Plaintiff, Deborah Bennett, an individual residing at 318 Yorktowne Drive, in the Township of Lacey, in Ocean County, New Jersey by way of complaint against Defendant, Metropolitan Life Insurance Company, representatives or agents (collectively the "Defendant"), says:

**PRELIMINARY STATEMENT**

　　　　1.　　　The plaintiff, Deborah Bennett, brings this action to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq, to redress Defendant's denial of long-term disability benefits.

## THE PARTIES

2. Plaintiff, Deborah Bennett, is a New Jersey resident with an address at 318 Yorktown Drive, Forked River, New Jersey 08731.

3. Upon information and belief, Defendant Metropolitan Life Insurance Company, is an insurance carrier with their principal place of business located at 200 Park Avenue, New York, New York 10017.

## JURISDICTION AND VENUE

4. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq. that is the law of the United States. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. 1132(e), 28 U.S.C. 1331 in which the court's jurisdiction is based on 29 U.S.C. 1132(e).

5. Venue is proper in the District of New Jersey pursuant to the provisions of 28 U.S.C. 1391(b), in that the events or omissions giving rise to this action occurred in this judicial district.

## FIRST COUNT

1. The Plaintiff incorporates by reference, as if fully stated, all of the common allegations in this complaint.

2. At all material times, Defendant was engaged in the writing and/or administration of a long-term disability policy of insurance. The Plaintiff was a covered eligible person under a group policy.

3. Defendant's Long Term Disability Insurance Policy ("the Policy") has, at all times material, been an employee benefit plan established by an employer engaged in commerce or in any industry or activity affecting commerce within the meaning of 29 U.S.C. 1003. The Policy therefore, is governed by ERISA.

4. At all times material, Plaintiff was an insured under the terms of the Policy.

5. At all times, Defendant as administrator of the Long Term Disability Insurance Policy has maintained its office and place of business at 200 Park Avenue, New York, New York 10017.

6. Plaintiff filed an application/claim for benefits under the Policy.

7. Defendant initially accepted the Plaintiffs claim and provided benefits in accordance with the terms of the policy.

8. Thereafter the Defendant denied additional benefits and provided the Plaintiff with a right to appeal.

9. Since that time, the Plaintiff has appealed the denial of benefits made by the Defendant, each time supplying Defendant with qualifying proof of continued related long-term disability.

10. Plaintiff has fully complied with all the conditions of the Policy in order to receive the benefits.

11. Despite the Plaintiff's compliance with all of the conditions of the Policy, the Defendant has denied his claim.

12. The decision by the Defendant denying the Plaintiff of the benefits due the Plaintiff under the Policy is arbitrary, illegal, capricious, unreasonable, and not made in good faith.

13. As a direct and proximate result of the actions by the Defendant, Plaintiff has suffered damages, incurring attorney's fees and costs. Pursuant to the provisions of 29 U.S.C. 1132 (g), Plaintiff seeks attorney's fees and costs.

WHEREFORE, Plaintiff Deborah Bennett demands judgment against the Defendant for damages in the amount of benefits due her under the Policy, together with attorneys' fees, interest and costs of suit, and such other relief as the Court deems equitable and just.

Pursuant to Local Civil Rule 11.2, I, JONATHAN S. FABRICANT do hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

BATHGATE, WEGENER & WOLF<br>
Attorneys for Plaintiff, Deborah Bennett<br><br>
By: _____<br>
JONATHAN S. FABRICANT

DATED: March 18, 2020